IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHERYL BLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:09CV807 |
| ) | |
| CREE, INC., and VINCENT P. ) | |
| REGINA, ) | |
| ) | |
| Defendants. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on several motions filed by the parties. The Court first considers Plaintiff's motion for entry of default. (Docket No. 8.) The motion is directed against Defendant Cree, Inc. ("Cree"), the only Defendant named in Plaintiff's original complaint, filed in state court on September 11, 2009. Defendant Cree has responded in opposition to the motion. (Docket No. 14.)

The record in this matter shows that this case was removed to this court by Defendant Cree on October 16, 2009. Plaintiff filed an Amended Complaint on October 23. By virtue of the filing of the Amended Complaint, an initial responsive pleading was due from Defendant Cree on November 9 . *See* Fed. R. Civ. P. 81(c)(2)(C), 6(a)(2)(prior to Dec. 1,

2009), and 15(a)(3). However, before that date, on November 5, both Defendants named in the Amended Complaint filed a motion to dismiss – a permitted responsive pleading.

Accordingly, the Court finds that Defendant Cree timely responded to the Amended Complaint in this action, and Plaintiff's request for entry of a default should be, and hereby is, **DENIED**.

*Pro se* Plaintiff Cheryl Blake has also filed a motion to remand this action to the state courts. (Docket No. 18.) She states that she has been "legally advised that when you name your supervisor in the caption along with the company that those cases can not be tried in the Federal Courts." (*Id.*)

The Court notes, first, that the "legal advice" Plaintiff relies upon has no basis in the law and is simply wrong. Plaintiff's original complaint was properly removable to this court because it raises federal questions. Plaintiff makes claims under Title VII of the Civil Rights Act of 1964 and several other federal statutes. Accordingly, there is federal question jurisdiction to support removal, and Plaintiff has shown no reason why removal was procedurally improper. Therefore, Plaintiff's motion to remand is without merit.

Defendants have filed a Rule 12(b)(6) motion to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. (Docket No. 11.) The substantive portion of the Amended Complaint reads in full:

> 1. The Plaintiff was employed at Cree Inc. from June 24, 2002 through March 28, 2008. Plaintiff at the time of her employment termination was under the supervision or management of Vincent P. Regina and became

-2-

disabled and was placed on restricted duties while under doctor's care. Plaintiff was terminated for **staffing reasons due to disability.**

2. Defendant Vincent P. Regina (Vince) is imputed to Cree under agent theory.

3. Plaintiff was discriminated against under the Fair Labor Standards Act (FLSA), the Retaliatory Employment Discrimination Act (REDA), the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII), Section 1983 of the Civil Rights act as amended (Section 1983), Americans With Disabilities Act (ADA), the Family and Medical Leave Act (FLMA), **wrongful discharge**, unpaid wages, unpaid vacation, unpaid sick leave pay, unpaid bonuses, unpaid merit increases, intentional and negligent infliction of emotional distress of plaintiff and plaintiff's family members, **defamation**, fraud, and all other cause [sic] of action based on federal, state, local or common law.

(Docket No. 6, Am. Compl. at 1.) As exhibits, Plaintiff attaches a letter of termination, an email request for FMLA, an email sent to Vince Regina, a doctor's note for restricted duties, a letter sent to Plaintiff's doctor from Defendant, the doctor's response to Defendant, restrictions and notes from Concentra, and Form 1099-G from ESC.

On review, the Court finds it to be readily apparent from a reading of the Amended Complaint that the complaint is fatally deficient under the pleading standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). Dismissal is proper under Rule 12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6), the Court is not required to accept as true the legal conclusions set forth in a

plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Twombly*, 550 U.S. at 547. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'ground'' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted).

While Plaintiff alleges that she was subjected to discrimination, retaliation, and other tortious conduct by Defendants, she has stated no facts that could make out a plausible legal claim of any sort. Her complaint includes little more than legal conclusions. Her exhibits, by themselves, fail to raise any factual inferences that could show a plausible basis for any cause of action alleged by Plaintiff. In short, Plaintiff's complaint is precisely the sort of complaint that *Twombly* and *Iqbal* find wanting and deficient on Rule 12(b)(6) review.

For reasons set forth above, **IT IS ORDERED** that Plaintiff's motion for entry of default (Docket No. 8) is **DENIED**. Further, **IT IS RECOMMENDED** that Plaintiff's motion to remand (Docket No. 18) be denied. Finally, **IT IS RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Docket No. 11) be granted without prejudice to Plaintiff's opportunity to forthwith amend her complaint.

This the  19th  day of January, 2010.


                                            /s/ P. Trevor Sharp
                                        United States Magistrate Judge